GRIMES, Justice,
dissenting.
Fertig admitted that on a number of occasions he transported large sums of money out of the United States and,deposited it in foreign banks in order to hide the ownership and source of the funds and knew this was illegal. In addition, he admitted that he knew that Gerald Smith, the owner of the funds and a client of his law firm, was a drug smuggler.
The fact that his employer, Dolan, who brought Fertig into the illegal scheme also received only a ninety-day suspension no doubt weighs heavily in the majority’s conclusion to impose no greater discipline upon Fertig. However, the extent of Dolan’s discipline cannot diminish the gravity of Fertig’s conduct. Furthermore, there may have been difficulties of proof or other *1215 considerations which caused the Bar to agree to Dolan’s discipline upon the entry of a conditional guilty plea for consent judgment. The Florida Bar v. Dolan, 452 So.2d 563 (Fla.1984).
At the very least, I would approve the referee’s recommendation of a twelvemonth suspension. Except for the mitigating circumstances, Fertig should be disbarred.
EHRLICH, C.J., and KOGAN, J., concur.